FILED: MARCH 3, 2009
09CV1352
JUDGE ANDERSEN
MAGISTRATE JUDGE SCHENKIER
AO

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Raghavender Mallannagari<br>Plaintiff,<br><br>v.<br><br>GSS America Inc.,<br>Bhargav Marepally,<br>Parul Patel,<br>Tsvetimira Boeva,<br>Richard Capalby,<br><br>Defendants. | Case No. _____<br><br><br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff Raghavender Mallannagari ("Plaintiff"), by his counsel, Michael F. Brown of Peterson, Berk & Cross, S.C. (pro hac vice application forthcoming), Vonda K. Vandaveer of V.K. Vandaveer, P.L.L.C. (pro hac vice application forthcoming), and J. Bryan Wood of The Law Office of J. Bryan Wood, with respect to matters concerning Defendants GSS America Inc., Bhargav Marepally, Parul Patel, Tsvetimira Boeva and Richard Capalby (collectively, "Defendants"), alleges as follows:

### INTRODUCTION

1.      This is an action by Plaintiff pursuant to the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961, et seq. ("RICO"), provisions of 18 U.S.C. § 1589(3) ["Forced labor"], 18 U.S.C. § 1590 ["Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor"], the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and statutory and common law claims under Illinois law. The damages sought exceed $75,000.

1

2. Defendants engaged and continue to engage in a practice of soliciting workers from other countries by knowingly and fraudulently offering them fictitious positions and falsely promising to pay them for work performed and time spent working but in nonproductive status. Defendants' pattern of fraudulent and unlawful conduct harmed Plaintiff and other similarly situated individuals.[1]

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's RICO claims is conferred upon this Court pursuant to 18 U.S.C. § 1964.

4. Jurisdiction over Plaintiff's claims under 18 U.S.C. § 1589(3) ["Forced labor"] and 18 U.S.C. § 1590 ["Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor"] is conferred upon this Court pursuant to 18 U.S.C. § 1595(a).

5. Jurisdiction over Plaintiff's Fair Labor Standards Act claim, 29 U.S.C. § 201 *et seq.*, is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Jurisdiction over Plaintiff's claims under Illinois statutory and common law is conferred upon this Court pursuant to 28 U.S.C. § 1367.

7. Venue in the United States District Court for the Northern District of Illinois is appropriate under 28 U.S.C. § 1391 (a) and (b), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois.

8. Relief is sought against Defendants as well as their agents, assistants, successors, employees, and all persons acting in concert or cooperation with Defendants or at their direction.

---

[1] This footnote is not a factual allegation to which Defendants must respond. Plaintiff is investigating whether to pursue his claims on behalf of other individuals who were harmed by Defendants' pattern of unlawful and fraudulent conduct. If Plaintiff intends to pursue his claims as a class action, he will seek leave to amend his complaint to specifically allege claims on behalf of himself and others similarly situated to him.

**PARTIES**

9. Plaintiff Raghavender Mallannagari ("Plaintiff"), at times material to the instant complaint, resided and worked in Illinois.

10. Defendant GSS America Inc. ("Defendant GSS") has its principal place of business at 1699 Wall St., Suite 201, Mt. Prospect, Illinois. Defendant GSS, a business involved with computers and software, is an employer which employed Plaintiff, and agreed to provide him work in or near Mt. Prospect, IL.

11. On information and belief, Defendant Bhargav Marepally ("Defendant Marepally") was, at all times material to this cause of action, an adult resident of Illinois, was the Chief Executive Officer of Defendant GSS, and exercised significant financial and operational control with regard to Defendant GSS's business and employment matters.

12. On information and belief, Defendant Parul Patel ("Defendant Patel") was, at all times material to this cause of action, an adult resident of Illinois, was an executive or binding representative of Defendant GSS, and/or exercised significant financial and operational control with regard to Defendant GSS's business and/or employment matters.

13. On information and belief, Defendant Tsvetimira Boeva ("Defendant Boeva") was, at all times material to this cause of action, an adult resident of Illinois, was an executive or binding representative of Defendant GSS, and/or exercised significant financial and operational control with regard to Defendant GSS's business and/or employment matters.

14. On information and belief, Defendant Richard Capalby ("Defendant Capalby") was, at all times material to this cause of action, an adult resident of Illinois, was an executive or binding representative of Defendant GSS, and/or exercised significant financial

and operational control with regard to Defendant GSS's business and/or employment matters.

## FACTS

15. Prior to beginning employment with Defendants, Plaintiff had obtained a Computer Science and Engineering degree in India and he received a Masters degree in Business Administration at Southern New Hampshire University. Defendants considered Plaintiff a desirable employee because he obtained these specialty degrees.

16. Prior to Plaintiff starting employment, Defendants wrote Plaintiff a letter dated October 9th, 2007, which stated Defendants were "offer[ing] … [Plaintiff] a full-time position with GSS America Inc. as a Programmer / Analyst… [and his] starting salary will be $60,000/- per year … [and he] will be entitled to receive health / dental benefits and life and long-term disability insurance coverage as are generally available from time to time to similarly situated employees of the Company." A copy of the October 9th, 2007 letter is attached hereto as **Exhibit A**.

17. Defendants sought to employ Plaintiff, a citizen of India, as a Programmer/Analyst for a salary of $60,000 per year for three years conditioned upon the approval of an H-1B visa petition that Defendants would submit to the U.S. Citizenship and Immigration Services (USCIS), and Labor Condition Application (LCA) that Defendants would submit to the U.S. Department of Labor (DOL), on Plaintiff's behalf.

18. In the LCA, Defendants attested they would pay Plaintiff $60,000/year for the "Programmer/Analyst" position even if Plaintiff were placed in a non-productive status (i.e. even if Plaintiff did not work because no work was available, or if Plaintiff did

not work because of any other reason that was attributable to Defendants' decision). DOL approved this LCA. A copy of the LCA is attached hereto as **Exhibit B**.

19. Plaintiff made himself available to start work for Defendants as an H-1B visa employee on or about January 8, 2008.

20. When Plaintiff reported to work for Defendants, he learned the "Programmer / Analyst" position Defendants referenced in the LCA and offer letter did not exist. Defendants did not have any job or work available for Plaintiff.

21. Defendants, when they completed and submitted the H-1B and LCA application documents, knew the "Programmer / Analyst" position did not exist, and knew they did not have work available for Plaintiff.

22. Rather, Defendants intended to market Plaintiff's services and have him perform labor for third parties, with Defendant receiving payment from the third parties, which would include payment for Plaintiff's labor, and additional profit for Defendants.

23. Defendants obtained the labor of Plaintiff with the intention of having him secure work with third-party employers.

24. Defendants required Plaintiff to come to their office everyday from 9:00a.m to 5:00pm, so that they could market his resume. Plaintiff reported for work daily, and performed job-search-related tasks (e.g. worked on his resume, researched job openings, submitted applications to third-party employers, etc.).

25. Defendants have not paid any wages, nor provided any benefits, to Plaintiff.

26. On information and belief, Defendants failed to provide Plaintiff with benefits on the same basis, and in accordance with the same criteria, as Defendants offered to United States workers.

5

27. Defendants petitioned and obtained Labor Certification from DOL, and then sponsored an H-1B visa from USCIS, for Plaintiff.

28. H-1B visas may only be lawfully obtained for immigrant employees who work in "specialty" occupations.

29. Defendants knew that their aforementioned intended employment arrangements with Plaintiff violated H-1B requirements, and Defendants knowingly falsified H-1B documents in stating that Plaintiff would be employed with Defendants as a "Programmer / Analyst" making $60,000, or making any other wage from Defendants. Defendants knowingly falsified H-1B documents in stating that Plaintiff would be paid $60,000 while he was in nonproductive status.

30. Under immigration law, Defendants were required to pay Plaintiff the "actual wage" of $60,000 stated on the LCA.

31. After Defendants failed to pay Plaintiff any wages for several months, Plaintiff sought new employment.

32. Plaintiff filed for an H-1B transfer to start work with a new employer.

33. Although Plaintiff maintained an employment relationship with Defendants, Defendants did not pay Plaintiff any wages from January 8, 2008 to October 28, 2008. Defendants thus failed to pay Plaintiff at the actual wage as is required by immigration law.

34. Defendants also did not provide Plaintiff with any benefits, or any money to be paid for benefits, during his employment.

35. Defendants' failures to pay Plaintiff the actual wage violated applicable immigration and labor laws at 20 C.F.R. § 655.731(a)(3), 20 C.F.R. § 655.731(c)(1) and

(c)(5), 8 U.S.C. § 1182 (n)(1)(A)(i)(II), 8 U.S.C. § 1182 (p)(3), 8 U.S.C. § 1182(t)(1)(A)(i)(II), and 8 U.S.C. § 1192(t)(3)(C)(vii)(I).

36. Defendants' failure to pay Plaintiff while he was not working in a specialty occupation (i.e. when he was "benched" or in nonproductive status due to Defendants' decisions) violated immigration law at 8 U.S.C. §1182(t)(3)(C)(vii)(I) and 8 U.S.C. §1182(t)(1)(A) requiring that H-1B workers be paid during such a nonproductive period.

37. Defendants' failure to pay Plaintiff also violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

38. Defendants' conduct also constitutes fraud.

39. Plaintiff complained to Defendants about the fact he was not paid. Defendants threatened Plaintiff that if he filed a legal complaint to pursue his unpaid wages, Defendants would terminate his employment and inform government immigration officials that he was terminated.

**PATTERN ALLEGATIONS**

40. Plaintiff was not the only individual subjected to Defendants' pattern of fraudulent and unlawful conduct.

41. While Plaintiff was at Defendants' offices, he observed at least twenty other individuals who reported for work daily and performed job-search-related tasks (e.g. working on resumes, researching job openings, submitting applications to third-party employers, etc.).

42. According to government records between the years 2004-2007, Defendants have obtained LCAs (to employ H-1B employees) for:

    a. 148 H-1B employees for the year 2007;

7

      b. 143 H-1B employees for the year 2006;

      c. 105 H-1B employees for the year 2005; and

      d. 141 H-1B employees for the year 2004.

43. Defendants have not paid the required wages or benefits to these similarly situated H-1B employees while they were employed in nonproductive (or "benched") status.

44. Defendants knowingly made false offers of employment to these similarly situated H-1B employees in an attempt to solicit non-U.S.-citizens to either (a) relocate to America from their home countries; or (b) transfer from a prior H-1B employer to H-1B employment with Defendants, thereby giving Defendants control over the H-1B employees' employment and their ability to lawfully remain in the U.S. (which was contingent on H-1B employment).

45. Defendants petitioned and obtained Labor Certification from the U.S. Department of Labor (DOL), and then sponsored an H-1B visa from the U.S. Citizenship and Immigration Services (USCIS), for these similarly situated H-1B employees. Defendants also completed H-1B documentation that indicated (as did Defendants' job offer letters to these similarly situated individuals) that they would employ these similarly situated H-1B employees in positions and that they would be provided benefits and paid an actual wage or a prevailing wage.

46. At the time Defendants completed the H-1B documentation for these similarly situated H-1B employees, Defendants knew they would not employ them in promised positions and knew that there was no specific work or project Defendants had for them to work on.

47. Defendants knew that their aforementioned intended employment arrangements with these similarly situated H-1B employees violated H-1B requirements, and Defendants knowingly falsified H-1B documents in stating that they would be employed with Defendants in positions earning wages and benefits from Defendants.

48. Under immigration law, Defendants were required to pay these similarly situated H-1B employees the *higher* of the "prevailing wage" or the "actual wage" that Defendants stated on their LCAs. Although these similarly situated H-1B employees maintained an employment relationship with Defendants, Defendants did not pay them their required wages for "benched" or nonproductive periods of time. Defendants failed to pay the similarly situated H-1B employees at the actual wage or prevailing wage, as is required by immigration law. Defendants also did not provide these s similarly situated H-1B employees with any benefits, or any money to be paid for benefits, during their employment.

49. Defendants' failures to pay these similarly situated H-1B employees the higher of the prevailing wage or actual wage violated applicable immigration and labor laws at 20 C.F.R. § 655.731(a)(3), 20 C.F.R. § 655.731(c)(1) and (c)(5), 8 U.S.C. § 1182 (n)(1)(A)(i)(II), 8 U.S.C. § 1182 (p)(3), 8 U.S.C. § 1182(t)(1)(A)(i)(II), and 8 U.S.C. § 1192(t)(3)(C)(vii)(I). Defendants' failure to pay these similarly situated H-1B employees also violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* Defendants' conduct also constitutes fraud.

## COUNT I - VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

50. Plaintiff incorporates paragraphs 1-49 by reference as if fully set forth herein.

51. Defendants conducted racketeering activities under the Racketeer Influenced and Corrupt Organizations ("RICO") Act because, per 18 U.S.C. § 1961(1)(B), their actions included acts indictable under and in violation of:

**(a)** 18 U. S. C. A § 1546(a), as Defendants fraudulently procured visas, permits, border crossing cards, alien registration receipt cards, and other documents by falsifying wage and job duty information on U.S. DOL Form 9035E and on other immigration documents;

**(b)** 28 U.S.C. §1746, as Defendants made false statements under oath and penalty of perjury "with respect to material facts in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder…";

**(c)** 18 U.S.C. § 1589(3), as Defendants knowingly obtained and provided Plaintiff's labor with the intent to have him perform duties at a rate of pay which Defendants knew to be less than the prevailing wage owed to a specialist in Plaintiff's field, and Defendants thus abused the H-1B visa legal process proscribed for obtaining and providing specialist/professional labor; Defendants further violated and abused H-1B law and legal process, and obtained and provided Plaintiff's labor unlawfully, by:

**(i)** failing to pay Plaintiff at least the "prevailing wage" for all hours and pay periods worked in violation of 20 C.F.R. § 655.731(a)(3) and 20 C.F.R. § 655.731(c)(1) and (c)(5);

**(ii)** failing to provide Plaintiff with benefits on the same basis, and in accordance with the same criteria, as Defendants offered to United States workers in violation of 8 U.S.C. §1182(n)(2)(C)(viii) and 8 U.S.C. §1182(t)(3)(C)(viii); and

**(iiii)** by failing to pay Plaintiff while he was "benched" (i.e. in nonproductive status due to Defendants' decisions) which violated immigration law at 8 U.S.C. §1182(t)(3)(C)(vii)(I) and 8 U.S.C. §1182(t)(1)(A) requiring that H-1B workers be paid during such a nonproductive period.

**(d)** 18 U.S.C. § 1590 ["Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor"], as Defendants "… knowingly recruit[ed], harbor[ed], … provide[d], or obtain[ed] by any means, any person for labor or services in violation of this chapter [Chapter 77, at 18 U.S.C. §§ 1581- 1595]]";

**(e)** 18 U.S.C. § 1592(a) ["Unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor"], as Defendants knowingly possessed the immigration documents of another person (Plaintiff) and did so: **(i)** in the course of a violation of section 1589 and 1590; **(ii)** with intent to violate section 1589 and 1590; and **(iii)** to prevent or restrict without lawful authority the Plaintiff's liberty to move or

11

travel, in order to maintain the labor or services of the Plaintiff per section 103 of the Trafficking Victims Protection Act of 2000;

**(f)** 18 U.S.C. Section 1341, as Defendants, in pursuit of their scheme to obtain specialty labor from Plaintiff through the H-1B process and to underpay him, and to conduct other activities above, and for the purpose of executing that scheme, caused to be delivered various communications via the U.S. mail; and

**(g)** 18 U.S.C. Section 1343, as Defendants, in pursuit of their scheme and for the purpose of executing that scheme, caused to be delivered various communications or effectuated various transactions, by wire.

52. Per 18 U.S.C. § 1961 (5), Defendants conducted a pattern of racketeering activity, as Defendants committed at least two acts of the racketeering activities identified above within ten years.

53. Defendants violated 18 U.S.C. § 1962 ("Prohibited activities" of RICO), because they received income derived from a pattern of racketeering activity, and used and/or invested at least part of such income or the proceeds of such income in the establishment and/or operation of Defendants' GSS enterprise which was engaged in, or the activities of which affected, interstate or foreign commerce.

54. Defendants violated 18 U.S.C. § 1962(b) because they, through a pattern of racketeering activity, and/or through collection of unlawful debt, maintained interests in and/or control of Defendant GSS, which is an enterprise which was engaged in, or the activities of which affected, interstate or foreign commerce.

55. Defendants violated 18 U.S.C. § 1962(c) because: (a) they were employed by and/or associated with, Defendant GSS, which is an enterprise which was engaged in, or

12

the activities of which affected, interstate or foreign commerce; and (b) they conducted and/or participated in the conduct of Defendant GSS's affairs through a pattern of racketeering activity and/or collection of unlawful debt.

56. WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for all civil remedies under RICO at 18 U.S.C. § 1964, including treble damages, cost of the suit, and reasonable attorney's fees.

### COUNT II - VIOLATIONS OF 18 U.S.C. §§ 1581-1595 ("PEONAGE, SLAVERY, AND TRAFFICKING IN PERSONS")

57. Plaintiff incorporates paragraphs 1-56 by reference as if fully set forth herein.

58. For reasons stated in paragraphs above, Defendants violated 18 U.S.C. § 1589(3) ["Forced labor"], and 18 U.S.C. § 1590 ["Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor"].

59. For each said violation, 18 U.S.C. § 1595(a) authorizes Plaintiff to bring a civil action against Defendants in an appropriate district court of the United States, and to recover damages and reasonable attorneys fees for said civil actions.

60. WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for:

> **(a)** all civil remedies under 18 U.S.C. § 1595(a) to recover damages and reasonable attorneys fees; and
>
> **(b)** all civil remedies under 18 U.S.C. § 1593 ["Mandatory restitution"] to be paid *in addition to* treble RICO damages and any other civil penalties authorized by law as well as full amount of each victim's losses (29 U.S.C. 201 et seq.).

## COUNT III - VIOLATIONS OF 820 ILCS 115/1 *et seq.* ("ILLINOIS WAGE PAYMENT AND COLLECTION ACT")

61. Plaintiff incorporates paragraphs 1-60 by reference as if fully set forth herein.

62. At all relevant times herein, Defendants were "employers" as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

63. Plaintiff was Defendants' "employee" as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

64. Defendants owed Plaintiff "wages" pursuant to an employment contract or agreement between Defendants and Plaintiff as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

65. Defendants failed to pay Plaintiff wages in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.

66. Plaintiff was harmed by Defendants' failure to pay wages in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.

67. At least three days prior to filing this action, Plaintiff made a demand in writing for the wages he was owed.

68. WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for:

   **(a)** wages owed pursuant to his employment contract or agreement with Defendants;

   **(b)** reasonable attorneys' fees (per 705 ILCS 225/1);

   **(c)** if Defendants fail to pay wages ordered by the Court within 15 days, a penalty of 1% per calendar day for each day of delay in paying wages

>this Court orders Defendants to pay up to an amount equal to twice the sum of unpaid wages (per 820 ILCS 115/14); and,
>
>**(d)** all other civil remedies available under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.

## COUNT IV - VIOLATIONS OF 820 ILCS 105/1 *et seq*. ("ILLINOIS MINIMUM WAGE LAW")

69. Plaintiff incorporates paragraphs 1-68 by reference as if fully set forth herein.

70. At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

71. Plaintiff was Defendants' "employee" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(d).

72. Defendants owed Plaintiff "wages" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(b).

73. Defendants failed to pay Plaintiff wages in violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*.

74. Defendants failed to keep true and accurate records of the name, address and occupation of each of his employees, the rate of pay, and the amount paid each pay period to each employee, and the hours worked each day in each work week by each employee in violation of the Illinois Minimum Wage Law, 820 ILCS 105/8.

75. WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for:

>**(a)** underpaid wages owed pursuant to his employment with Defendants;
>
>**(b)** cost of the suit and reasonable attorneys' fees (per 820 ILCS 105/12);

15

**(c)** damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid (pursuant to 820 ILCS 105/12); and,

**(d)** all other civil remedies available under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*.

### COUNT V - VIOLATIONS OF 29 U.S.C. 201 *et seq*. ("FAIR LABOR STANDARDS ACT")

76. Plaintiff incorporate paragraphs 1-75 by reference as if fully set forth herein.

77. At all relevant times herein, Defendants were "employers" as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(d).

78. Plaintiff was Defendants' "employee" as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(e).

79. Defendants owed Plaintiff minimum wage as defined in the Fair Labor Standards Act, 29 U.S.C. § 206.

80. Defendants failed to pay Plaintiff wages for time worked in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2).

81. Defendants failed to make, keep and preserve records of the persons employed by them and of the wages, hours, and other conditions and practices of employment maintained by them in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 211(c) and 215(a)(5).

82. Defendants willfully violated the Fair Labor Standards Act.

83. WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for:

**(a)** underpaid wages owed pursuant to his employment with Defendants;

    **(b)** liquidated damages in an amount equal to underpaid wages (per 29 U.S.C. § 216(b));

    **(c)** cost of the suit and reasonable attorneys' fees (per 29 U.S.C. § 216(b)); and,

    **(d)** all other legal or equitable relief as appropriate to effectuate the purposes of the Fair Labor Standards Act, 29 U.SC. 201 *et seq* (per 29 U.S.C. § 216(b).

## COUNT VI - VIOLATIONS OF ILLINOIS COMMON LAW ("FRAUD")

84. Plaintiff incorporates paragraphs 1-83 by reference as if fully set forth herein.

85. Defendants knowingly misrepresented facts in offering Plaintiff employment.

86. Defendants knowingly misrepresented facts in completing and submitting H-1B and LCA application documents to USCIS for Plaintiff.

87. Plaintiff relied on Defendants' misrepresentations to his detriment.

88. As a result of Defendants' misrepresentations, Plaintiff was damaged.

89. WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for:

    **(a)** underpaid wages owed pursuant to his employment with Defendants;

    **(b)** compensatory damages commensurate with the harm Plaintiff suffered as a result of Defendants' misrepresentations ;

    **(c)** punitive damages to punish Defendants for their fraudulent conduct; and,

      **(d)** all other legal or equitable relief as appropriate under Illinois common law.

***PLAINTIFF DEMANDS A TRIAL BY JURY.***

Dated this 3rd day of March 2009.

                                    Respectfully submitted,

                                    /s/ J. Bryan Wood

                        By: _____

                                   J. Bryan Wood

                                   One of Plaintiff's Attorneys

Michael F. Brown
Peterson, Berk & Cross, S.C.
200 E. College Ave.
Appleton, WI 54912
920-831-0300
920-831-0165 (FAX)
Email: mbrown@pbclaw.com
(*pro hac vice application forthcoming*)

Vonda K. Vandaveer
V.K. Vandaveer, P.L.L.C.
P.O. Box 27317
Washington, DC 20038-7317
202-340-1215
202-521-0599 (FAX)
Email: atty@vkvlaw.com
(*pro hac vice application forthcoming*)

J. Bryan Wood (ARDC No. 6270845)
The Law Office of J. Bryan Wood
53 W. Jackson Blvd., Ste. 660
Chicago, IL 60604
312-545-1420
312-577-0749 (FAX)
E-mail: bryan@jbryanwoodlaw.com