## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Raghavender Mallannagari, ) | |
|          Plaintiff, ) | |
| ) | No.   09 CV 1352 |
| v. ) | |
| ) | Judge Andersen |
| GSS America, Inc., Bhargav Marepally, ) | Magistrate Judge Schenkier |
| Parul Patel, Tsvetimira Boeva, and ) | |
| Richard Capalby ) | Jury Trial Demanded |
|          Defendants. ) | |

### DEFENDANT GSS AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT COUNTS III, IV AND V

NOW COMES GSS AMERICA, INC. ("Defendant GSS"), by and through its attorneys, Anthony Pinelli and Jon Godoy, and answers as follows:

### INTRODUCTION

1. This is an action by Plaintiff pursuant to the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. §1961 *et seq*. ("RICO"), provisions of 18 U.S.C. §1589(3) ("Forced labor"), 18 U.S.C. §1590 ("Trafficking with respect to peonage, slavery, involuntary servitude or forced labor"), the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") and statutory and common law claims under Illinois law. The damages sought exceed $75,000.

**ANSWER:**

Defendant GSS makes no answer to the legal conclusions contained in paragraph 1 other than to deny that Plaintiff is entitled to damages in excess of $75,000.

2. Defendants engaged and continue to engage in a practice of soliciting workers from other countries by knowingly and fraudulently offering them fictitious positions and falsely promising to pay them for work performed and time spent working but in nonproductive status. Defendants' pattern of fraudulent and unlawful conduct harmed Plaintiff and other similarly situated individuals.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 2.

### JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's RICO claims is conferred upon this Court pursuant to 18 U.S.C. §1964.

**ANSWER:**

Defendant GSS admits that the jurisdiction of the Court is invoked under 18 U.S.C. §1964.

4. Jurisdiction over Plaintiff's claims under 18 U.S.C. §1589(3) ("Forced labor") and 18 U.S.C. §1590 ("Trafficking with respect to peonage, slavery, involuntary servitude or forced labor") is conferred upon this Court pursuant to 18 U.S.C. §1595(a).

**ANSWER:**

Defendant GSS admits that the jurisdiction of the Court is invoked under 18 U.S.C. §§1589(3), 1590 and 1595(a).

5. Jurisdiction over Plaintiff's Fair Labor Standards Act claim, 29 U.S.C. §201 *et seq.,* is conferred upon this Court pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

**ANSWER:**

Defendant GSS admits that the jurisdiction of the Court is invoked under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6. Jurisdiction over Plaintiff's claims under Illinois statutory and common law is conferred upon this Court pursuant to 28 U.S.C. §1367.

**ANSWER:**

Defendant GSS admits that the jurisdiction of the court is invoked under 28 U.S.C. §1367.

7. Venue in the United States District Court for the Northern District of Illinois is appropriate under 28 U.S.C. §1391(a) and (b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois.

**ANSWER:**

Defendant GSS admits that venue is appropriate in the Northern District of Illinois.

8. Relief is sought against Defendants as well as their agents, assistants, successors, employees

and all persons acting in concert or cooperation with Defendants or at their direction.

**ANSWER:**

Defendant GSS admits that the above language is contained in the complaint.

## PARTIES

9. Plaintiff Raghavender Mallannagari ("Plaintiff"), at times material to the instant complaint, resided and worked in Illinois.

**ANSWER:**

Defendant GSS lacks sufficient knowledge to admit or deny the allegations of paragraph 9.

10. Defendant GSS America, Inc. ("Defendant GSS") has its principal place of business at 1699 Wall St., Suite 201, Mt. Prospect, Illinois. Defendant GSS, a business involved with computers and software, is an employer which employed Plaintiff and agreed to provide him work in or near Mt. Prospect.

**ANSWER:**

Defendant GSS admits the allegations of paragraph 10.

11. On information and belief, Defendant Bhargav Marepally ("Defendant Marepally") was, at all times material to this cause of action, an adult resident of Illinois, was the Chief Executive Officer of Defendant GSS and exercised significant financial and operational control with regard to Defendant GSS's business and employment matters.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 11.

12. On information and belief, Defendant Parul Patel ("Defendant Patel") was, at all times material to this cause of action, an adult resident of Illinois, was an executive or binding representative of Defendant GSS and/or exercised significant financial and operational control with regard to Defendant GSS's business and/or employment matters.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 12.

13. On information and belief, Defendant Tsvetimira Boeva ("Defendant Boeva") was, at all times material to this cause of action, an adult resident of Illinois, was an executive or

binding representative of Defendant GSS and/or exercised significant financial and operational control with regard to Defendant GSS's business and/or employment matters.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 13.

14. On information and belief, Defendant Richard Capalby ("Defendant Capalby") was, at all times material to this cause of action, an adult resident of Illinois, was an executive or binding representative of Defendant GSS and/or exercised significant financial and operational control with regard to Defendant GSS's business and/or employment matters.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 14.

### FACTS

15. Prior to beginning employment with Defendant, Plaintiff had obtained a Computer Science and Engineering degree in India and he received a Master's degree in Business Administration at Southern New Hampshire University. Defendants considered Plaintiff a desirable employee because he obtained these specialty degrees.

**ANSWER:**

Defendant GSS admits the allegations of paragraph 15.

16. Prior to Plaintiff starting employment, Defendants wrote Plaintiff a letter dated October 9th, 2007, which stated Defendants were "offer[ing] ... [Plaintiff] a full-time position with GSS America, Inc. as a Programmer/Analyst... [and his] starting salary will be $60,000/ - per year ... [and he] will be entitled to receive health/dental benefits and life and long-term disability insurance coverage as are generally available from time to time to similarly situated employees of the Company." A copy of the October 9th, 2007 letter is attached as **Exhibit A.**

**ANSWER:**

Defendant GSS admits the allegations of paragraph 16, however, it denies that the quoted

sections constitute a complete statement of all terms contained in Exhibit A.

17. Defendants sought to employ Plaintiff, a citizen of India, as a Programmer/Analyst for a salary of $60,000 per year for three years conditioned upon the approval of an H-1B petition that Defendants would submit to the U.S. Citizenship and Immigration Services (USCIS) and

4

Labor Condition Application (LCA) that Defendants would submit to the U.S. Department of Labor (DOL) on Plaintiff's behalf.

**ANSWER:**

Defendant GSS admits the allegations of paragraph 17.

18. In the LCA, Defendants attested they would pay Plaintiff $60,000/year for the "Programmer/Analyst" position even if Plaintiff were placed in a non-productive status (i.e. even if Plaintiff did not work because no work was available, or if Plaintiff did not work because of any other reason that was attributable to Defendants' decision). DOL approved this LCA. A copy of the LCA is attached hereto as **Exhibit B.**

**ANSWER:**

Defendant GSS denies the allegations of paragraph 18.

19. Plaintiff made himself available to start work for Defendants as an H-1B visa employee on or about January 8, 2008.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 19.

20. When Plaintiff reported to work for Defendants, he learned the "Programmer/Analyst" position Defendants referenced in the LCA and offer letter did not exist. Defendants did not have any job or work available for Plaintiff.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 20.

21. Defendants, when they completed and submitted the H-1B and LCA application documents, knew the "Programmer/Analyst" position did not exist and knew they did not have work available for Plaintiff.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 21.

22. Rather, Defendants intended to market Plaintiff's services and have him perform labor for third parties, with Defendants receiving payment from the third parties, which would include payment for Plaintiff's labor and additional profit for Defendants.

**ANSWER:**

    Defendant GSS denies the allegations of paragraph 22.

23.   Defendants obtained the labor of Plaintiff with the intention of having him secure work with third-party employers.

**ANSWER:**

    Defendant GSS denies the allegations of paragraph 23.

24.   Defendants required Plaintiff to come to their office every day from 9:00 a.m. to 5:00 p.m. so that they could market his resume. Plaintiff reported for work daily and performed job-search related tasks (e.g. worked on his resume, research job openings, submitted applications to third-party employers, etc.).

**ANSWER:**

    Defendant GSS denies the allegations of paragraph 24.

25.   Defendants have not paid any wages nor provided any benefits to Plaintiffs.

**ANSWER:**

    Defendant GSS denies the allegations of paragraph 25.

26.   On information and belief, Defendants failed to provide Plaintiff with benefits on the same basis, and in accordance with the same criteria, as Defendants offered to United States workers.

**ANSWER:**

    Defendant GSS denies the allegations of paragraph 26.

27.   Defendants petitioned and obtained Labor Certification from DOL and then sponsored an H-1B visa from USCIS for Plaintiff.

**ANSWER:**

    Defendant GSS admits the allegations of paragraph 27.

28.   H-1B visas may only be lawfully obtained for immigrant employees who work in "specialty" occupations.

**ANSWER:**

6

      Defendant GSS neither admits nor denies the legal conclusions of paragraph 28.

29.    Defendants knew that their aforementioned intended employment arrangements with Plaintiff violated H-1B requirements, and Defendants knowingly falsified H-1B documents in stating that Plaintiff would be employed with Defendants as a "Programmer/Analyst" making $60,000 or making any other wage from Defendants. Defendants knowingly falsified H-1B documents in stating that Plaintiff would be paid $60,000 while he was in nonproductive status.

**ANSWER:**

      Defendant GSS denies the allegations of paragraph 29.

30.    Under immigration law, Defendants were required to pay Plaintiff the "actual wage" of $60,000 stated on the LCA.

**ANSWER:**

      Defendant GSS neither admits nor denies the legal conclusion in paragraph 30.

31.    After Defendants failed to pay Plaintiff any wages for several months, Plaintiff sought new employment.

**ANSWER:**

      Defendant GSS lacks sufficient knowledge to admit or deny all of the facts alleged in paragraph 31.

32.    Plaintiff filed for an H-1B transfer to start work with a new employer.

**ANSWER:**

      Defendant GSS lacks knowledge sufficient to admit or deny the allegations of paragraph 32.

33.    Although Plaintiff maintained an employment relationship with Defendants, Defendants did not pay Plaintiff any wages from January 8, 2008 to October 29, 2008. Defendants thus failed to pay Plaintiff at the actual wage as is required by immigration law.

**ANSWER:**

      Defendant GSS denies the facts alleged in paragraph 33 and makes no answer to the legal conclusion contained therein.

34. Defendants did not provide Plaintiff with any benefits, or any money to be paid for benefits during his employment.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 34.

35. Defendants' failure to pay Plaintiff the actual wage violated applicable immigration and labor laws at 20 C.F.R. §655.731(a)(3), 20 C.F.R. §655.731(c)(1) and (c)(5), 8 U.S.C. §1182(n)(1)(A)(i)(II), 8 U.S.C. §1182(p)(3), 8 U.S.C. §1182(t)(1)(a)(i)(II) and 8 U.S.C. §1192(t)(3)(C)(vii)(I).

**ANSWER:**

Defendant GSS makes no answer to the legal conclusions of paragraph 35.

36. Defendants' failure to pay Plaintiff while he was not working in a specialty occupation (i.e. when he was "benched" or in a nonproductive status due to Defendants' decisions) violated immigration law at 8 U.S.C. §1182(t)(3)(C)(vii)(I) and 8 U.S.C. §1182(t)(1)(A) requiring that H-1B workers be paid during such a nonproductive period.

**ANSWER:**

Defendant GSS makes no answer to the legal conclusions of paragraph 36.

37. Defendants' failure to pay Plaintiff also violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

**ANSWER:**

Defendant GSS makes no answer to the legal conclusions of paragraph 37.

38. Defendants' conduct also constitutes fraud.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 38.

39. Plaintiff complained to Defendants about the fact he was not paid. Defendants threatened Plaintiff that if he filed a legal complaint to pursue his unpaid wages, Defendants would terminate his employment and inform government immigration officials that he was terminated.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 39.

## PATTERN ALLEGATIONS

40. Plaintiff was not the only individual subjected to Defendants' pattern of fraudulent and unlawful conduct.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 40.

41. While Plaintiff was at Defendants' offices, he observed at least twenty other individuals who reported for work daily and performed job-search related tasks (e.g. working on resumes, researching job openings, submitting applications to third-party employers, etc.).

**ANSWER:**

Defendant GSS lacks knowledge of Plaintiff's observations sufficient to admit or deny this

fact and denies the remaining facts of paragraph 41.

42. According to government records between the years 2004-2007, Defendants have obtained LCA's (to employ H-1B employees) for:

   a. 148 H-1B employees for the year 2007;
   b. 143 H-1B employees for the year 2006;
   c. 105 H-1B employees for the year 2005; and
   d. 141 H-1B employees for the year 2004.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 42.a.-d.

43. Defendants have not paid the required wages or benefits to these similarly situated H-1B employees while they were employed in nonproductive (or "benched") status.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 43.

44. Defendants knowingly made false offers of employment to these similarly situated H-1B employees in an attempt to solicit non-U.S. citizens to either (a) relocate to America from their home countries; or (b) transfer from a prior H-1B employer to H-1B employment with Defendants, thereby giving Defendants control over the H-1B employees' employment and

their ability to lawfully remain in the U.S. (which was contingent on H-1B employment).

**ANSWER:**

Defendant GSS denies the allegations of paragraph 44.

45. Defendants petitioned and obtained Labor Certification from the U.S. Department of Labor (DOL) and then sponsored an H-1B visa from the U.S. Citizenship and Immigration Services (USCIS) for these similarly situated H-1B employees. Defendants also completed H-1B documentation that indicated (as did Defendants' job offer letters to these similarly situated individuals) that they would employ these similarly situated H-1B employees in positions and that they would be provided benefits and paid an actual wage or a prevailing wage.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 45.

46. At the time Defendants completed the H-1B documentation for these similarly situated H-1B employees, Defendants knew they would not employ them in promised positions and knew that there was no specific work or project Defendants had for them to work on.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 46.

47. Defendants knew that their aforementioned intended employment arrangements with these similarly situated H-1B employees violated H-1B requirements, and Defendants knowingly

falsified H-1B documents in stating that they would be employed with Defendants in positions earning wages and benefits from Defendants.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 47.

48. Under immigration law, Defendants were required to pay these similarly situated H-1B employees the *higher* of the "prevailing wage" or the "actual wage" that Defendants stated on their LCA's. Although these similarly situated H-1B employees maintained an employment relationship with Defendants, Defendants did not pay them their required wages for "benched" or nonproductive periods of time. Defendants failed to pay the similarly situated H-1B employees at the actual wage or prevailing wage as is required by immigration law. Defendants also did not provide these similarly situated H-1B employees with any benefits, or any money to be paid for benefits, during their employment.

**ANSWER:**

Defendant GSS denies the factual allegations of paragraph 48 and makes no answer to the legal conclusions contained therein.

49. Defendants' failure to pay these similarly situated H-1B employees the higher of the prevailing wage or actual wage violated applicable immigration and labor laws at 20 C.F.R. §655.731(a)(3), 20 C.F.R. §655.731(c)(1) and (c)(5), 8 U.S.C. §1182(n)(1)(A)(i)(II), 8 U.S.C. §1182(p)(3), 8 U.S.C. §1182(t)(1)(a)(i)(II) and 8 U.S.C. §1192(t)(3)(C)(vii)(I). Defendants' failure to pay these similarly situated H-1B employees also violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* Defendants' conduct also constitutes fraud.

**ANSWER:**

Defendant GSS denies the factual allegations of paragraph 49 and makes no answer to the legal conclusions contained therein.

### COUNT I - VIOLATIONS OF THE RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT

Because Defendant GSS America, Inc. has filed a motion to dismiss Count I of Plaintiff's complaint, it makes no answer to Count I at this time.

### COUNT II - VIOLATIONS OF 18 U.S.C. §§1581-1595 ("PEONAGE, SLAVERY AND TRAFFICKING IN PERSONS")

Because Defendant GSS America, Inc. has filed a motion to dismiss Count II of Plaintiff's complaint, it makes no answer to Count II at this time.

### COUNT III - VIOLATIONS OF 820 ILCS 115/1 *et seq*. ("ILLINOIS WAGE PAYMENT AND COLLECTION ACT")

61. Plaintiff incorporates paragraphs 1-60 by reference as if fully set forth herein.

**ANSWER:**

Defendant GSS America, Inc. restates its answers to Paragraphs 1 through 49 of Plaintiff's

11

complaint.

62. At all relevant times herein, Defendants were "employers" and defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

**ANSWER:**

Defendant GSS denies that Defendants were "employers."

63. Plaintiff was Defendants' employee as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

**ANSWER:**

Defendant GSS makes no answer to the legal conclusion of paragraph 63.

64. Defendants owed Plaintiff "wages" pursuant to an employment contract or agreement between defendants and Plaintiff as defined in the Illinois Wage Payment and Collection Act. 820 ILCS 115/2.

**ANSWER:**

Defendant GSS makes no answer to the legal conclusion of paragraph 64.

65. Defendants failed to pay Plaintiff wages in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*

**ANSWER:**

Defendant GSS denies the allegations of paragraph 65.

66. Plaintiff was harmed by Defendants' failure to pay wages in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*

**ANSWER:**

Defendant GSS lacks knowledge sufficient to admit or deny the allegations of paragraph 66.

67. At least three days prior to the filing of this action, Plaintiff made a demand in writing for the wages he was owed.

**ANSWER:**

Defendant GSS denies the allegations of paragraph 67.

WHEREFORE, Defendant GSS America, Inc. respectfully requests this Honorable Court

to deny all relief requested by the above allegations of Count III of the complaint and to dismiss this Count and award Defendant GSS its costs incurred in defense of this matter.

### COUNT IV - VIOLATIONS OF 820 ILCS 105/1 *et seq.* ("ILLINOIS MINIMUM WAGE LAW")

69. Plaintiff incorporates paragraphs 1-67 by reference as if fully set forth herein.

**ANSWER:**

Defendant GSS America, Inc. restates its answers to Paragraphs 1 through 67 of Plaintiff's complaint.

70. At all relevant times herein, Defendants were "employers" and defined in the Illinois Minimum Wage law 820 ILCS 105/3(c).

**ANSWER:**

Defendant GSS denies the allegations of paragraph 70.

71. At all relevant times herein, Plaintiff was Defendants' "employee" as defined in the Illinois Minimum Wage law 820 ILCS 105/3(d).

**ANSWER:**

Defendant GSS denies the allegations of paragraph 71.

72. Defendants owed Plaintiff "wages" as defined in the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq.*

**ANSWER:**

Defendant GSS denies the allegations of paragraph 72.

73. Defendants failed to pay Plaintiff wages in violation of the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq.*

**ANSWER:**

Defendant GSS denies the allegations of paragraph 73.

74. Defendants failed to keep true and accurate records of the name, address and occupation of each of their employees, the rate of pay and the amount paid each pay period to each employee and the hours worked each day in each work week by each employee in violation

of the Illinois Minimum Wage Law 820 ILCS 105/8.

**ANSWER:**

    Defendant GSS denies the allegations of paragraph 74.

    WHEREFORE, Defendant GSS America, Inc. respectfully requests this Honorable Court to deny all relief requested by the above allegations of Count IV of the complaint and to dismiss this Count and award Defendant GSS its costs incurred in defense of this matter.

### COUNT V - VIOLATIONS OF 29 U.S.C. 201 *et seq.* ("FAIR LABOR STANDARDS ACT")

76.   Plaintiff incorporates paragraphs 1-74 by reference as if fully set forth herein.

**ANSWER:**

    Defendant GSS America, Inc. restates its answers to Paragraphs 1 through 74 of Plaintiff's complaint.

77.   At all relevant times herein, Defendants were "employers" and defined in the Fair Labor Standards Act 29 U.S.C. §203(d).

**ANSWER:**

    Defendant GSS denies the allegations of paragraph 77.

78.   At all relevant times herein, Plaintiff was Defendants' "employee" as defined in the Fair Labor Standards Act 29 U.S.C. §203(e).

**ANSWER:**

    Defendant GSS denies the allegations of paragraph 78.

79.   Defendants owed Plaintiff "wages" as defined in the Fair Labor Standards Act 29 U.S.C. §206.

**ANSWER:**

    Defendant GSS denies the allegations of paragraph 79.

80. Defendants failed to pay Plaintiff wages in violation of the Fair Labor Standards Act 29 U.S.C. §§206 and 215(a)(2).

**ANSWER:**

Defendant GSS makes no answer to the legal conclusion of paragraph 80.

81. Defendants failed to make, keep and preserve records of the persons employed by them and of the wages, hours and other conditions and practices of employment maintained by them in violation of the Fair Labor Standards Act 29 U.S.C. §§211(c) and 215(a)(5).

**ANSWER:**

Defendant GSS denies the allegations of paragraph 81.

WHEREFORE, Defendant GSS America, Inc. respectfully requests this Honorable Court to deny all relief requested by the above allegations of Count V of the complaint and to dismiss this Count and award Defendant GSS its costs incurred in defense of this matter.

### COUNT VI - VIOLATIONS OF ILLINOIS COMMON LAW ('FRAUD")

Because Defendant GSS America, Inc. has filed a motion to dismiss Count VI of Plaintiff's complaint, it makes no answer to Count VI at this time.

### AFFIRMATIVE DEFENSES

1. Defendant GSS America Inc. states as its First Affirmative Defense that Plaintiff has failed to take steps to mitigate any of his claimed damages.

2. Defendant GSS America Inc. states as its Second Affirmative Defense that the Plaintiff's claims are barred in whole or in part by the doctrine of *laches*.

3. The court lacks jurisdiction over the subject matter of this complaint.

                Respectfully submitted,

                s/Anthony Pinelli
                **ANTHONY PINELLI**

                                                One of the Attorneys for
                                                Defendant GSS America, Inc.

**ANTHONY PINELLI**
Law Office of Anthony Pinelli
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270

**JON GODOY**
Akula and Associates P.C.
1303 W, Walnut Hill Lane, Suite 225
Irving, Texas 75038
972/241-4698
(Pro hac vice to be submitted)